FILED

**NOT FOR PUBLICATION**

MAR 24 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10143 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00901-SBA-1 |
| v. | |
| FERNANDO GONZALES-VERGARA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted March 14, 2011
San Francisco, California

Before: WALLACE, NOONAN, and CLIFTON, Circuit Judges.

Fernando Gonzales-Vergara ("Gonzales") appeals from his jury conviction

for being a deported alien found in the United States in violation of 8 U.S.C. §

1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Gonzales argues first that the district court erred in denying his motion for judgment of acquittal challenging the sufficiency of the evidence of his August 12, 2003 removal. This court reviews de novo the district court's denial of a motion for acquittal based on insufficiency of the evidence. *United States v. Gonzalez*, 528 F.3d 1207, 1211 (9th Cir. 2008). We affirm the district court's ruling because, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that Gonzales was deported on August 12, 2003 beyond a reasonable doubt. *See id.*

We reject Gonzales' claim that he was denied his right to effective assistance of counsel because he cannot show prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

We review Gonzales' remaining claims for plain error. *See United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010). Even assuming, without deciding, that error occurred, Gonzales cannot establish that his substantial rights were affected because there is no reasonable probability that the error affected the outcome of the trial. *See id.* The evidence of Gonzales' 2003 removal was sufficiently compelling that he would have been convicted in spite of any errors.

**AFFIRMED.**

2